UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TOMMY EUGENE REED,                    )
                                      )
            Petitioner,               )
                                      )
      vs.                             )          Case No. 4:06CV512 JCH
                                      )
JIM MOORE,                            )
                                      )
            Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Tommy Eugene Reed's pro se

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready

for disposition.

On November 17, 2003, Petitioner entered a plea of guilty in the Circuit Court of St. Charles

County, Missouri, to one count of domestic assault in the second degree (Count I), one count of

felonious restraint (Count II), one count of resisting arrest (Count III), one count of violating an

order of protection (Count V), and one count of stalking (Count VI).[1] Petitioner was sentenced to

six years imprisonment on Count I, five years on Count II, four years on Count III, one year on Count

V, and one year on Count VI, with the sentences on Counts I, II and III to run consecutively, and the

sentences on Counts V and VI to run concurrently. Petitioner did not appeal his convictions or

sentence. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme

Court Rule 24.035, which was denied without an evidentiary hearing. (Resp. Exh. A). The Missouri

Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Reed v. State, 175

S.W.3d 196 (Mo. App. 2005).

---

[1] Count IV, charging Petitioner with tampering in the first degree, was dismissed by the State.

Petitioner is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri.  In the instant petition for writ of habeas corpus, Petitioner raises the following two claims for relief:

(1)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate the facts and circumstances of the resisting arrest charge, and failed to inform Petitioner of his right to proceed to trial on the resisting arrest charge, while pleading guilty to the remaining charges; and

(2)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to obtain a mental examination, and to use the results of that examination either prior to trial, or as mitigating evidence during Petitioner's sentencing hearing.

## DISCUSSION

**A.    Ground 1**

In Ground 1 of his petition, Petitioner claims he received ineffective assistance of counsel, in that trial counsel failed to investigate the facts and circumstances of the resisting arrest charge, and failed to inform Petitioner of his right to proceed to trial on the resisting arrest charge, while pleading guilty to the remaining charges.  (§ 2254 Petition, P. 6).  Petitioner raised this claim in his Rule 24.035 motion for post-conviction relief, and the motion court denied the claim as follows:

[Petitioner's] first claim is that plea counsel was allegedly ineffective for failure to investigate the facts and circumstances of the case and by coercing [Petitioner] to enter pleas of guilty.

The record of the case reflects that [Petitioner], prior to entering his plea of guilty, completed a petition to enter a plea of guilty.  This document reveals that the [Petitioner] signed each page and acknowledged that he had read the document, had the document explained to him and that he understood the document.

At the guilty plea the Court further inquired as to whether [Petitioner] had reviewed this document with his attorney.  The following exchange took place, as reflected in the record of this case:

Q.    (The Court)  Now, sir, I'm going to show you a document entitled Petition to Enter a Plea of Guilty.  Do you recognize this as the [] document that you went over with Mr. Chassaniol?

A.  [Petitioner]  Yes.

Q.  There's a place for your signature at the bottom of the first eleven pages and the top of the twelfth page.  Did you sign in each place, sir?

A.  Yes, sir.

Q.  Do you understand by signing the document, you're telling the Court you have read it and gone over it with your attorney, understand its contents and that you are asking the Court to accept your plea of guilty, and that I should order a pre-sentence investigation which will be prepared over the next two months, and then after that, accept your plea of guilty...

It's your understanding that I could accept your plea of guilty and after I receive the recommendations from the State Board of Probation and Parole, I would make a decision on sentencing, do you understand that, sir?

A.  Yes, sir.

(Plea transcript, p. 6)

The Court accepted [Petitioner's] plea of guilty, after first making an inquiry on the record as to whether there was a plea agreement in the case.  The record of the case reflects that prior to pleading guilty, [Petitioner] testified that no one had threatened or intimidated him to cause him to plead guilty to these offenses, that no one had promised him anything to cause him to plead guilty, and that he had entered these pleas knowingly and voluntarily.

The record of the case reflects [Petitioner] was advised of his rights at his plea, pursuant to Missouri Supreme Court Rule 24.02(b), which sets forth what the court must address with a criminal defendant before a plea of guilty is taken.  The record of the guilty plea more specifically reflects that the following exchange took place between [Petitioner] and the Court:

Q.  (By the Court)  Now, is it your decision and your decision alone to enter this plea of guilty, sir?

A.  [Petitioner]  Yes, sir.

Q.  **Has anybody threatened you or coerced you to get you to plead guilty?**

**A.  No, sir.**

Q.  **Has anybody promised you anything in order to get you to plead guilty?**

**A. No, sir.**

Q. And once again, you understand by entering a plea of guilty without a recommendation, without accepting the recommendation, the Court has the full range of punishment up to twenty years in prison to consider. Do you understand that, sir?

A. Yes, sir.

(Plea transcript pp. 13-14) [Emphasis added.]

As part of the allegation contained in this paragraph, [Petitioner] claims that he wanted to proceed to trial on the offense contained in count, three, to-wit, resisting arrest. The records of this case, specifically the transcripts of the plea and sentencing, clearly refute that allegation. At the time [Petitioner] had entered his plea of guilty to the offense of resisting arrest, a factual basis for the plea was made on the record. Moreover, after the State recited the facts that they were prepared to prove in the case, the [Petitioner] acquiesced to the State's account of the events to which he pled to. And again as stated above, the record reflects that [Petitioner] entered this plea knowingly and voluntarily.

[Petitioner] has failed to allege sufficient facts showing how his plea was rendered involuntary due to the alleged actions or inactions of his plea attorney. [Petitioner] failed to allege facts which would show his plea was not voluntarily or knowingly made. The Court denied [Petitioner] an evidentiary hearing on this allegation because the record conclusively establishes [Petitioner's] plea was knowingly and voluntarily entered. [Petitioner] did not meet his initial burden of pleading facts, as opposed to conclusions, and [Petitioner's] allegations are refuted by the record, thus [Petitioner] is entitled to no relief. [Petitioner's] claim is therefore denied without an evidentiary hearing.

(Resp. Exh. A, PP. 49-52 (footnote omitted)). Petitioner advanced the claim on appeal of the denial

of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

In [Petitioner's] first point on appeal, he argues that the motion court erred in denying his Rule 24.035 post-conviction motion without an evidentiary hearing because his guilty plea to the resisting arrest count was unknowing, unintelligent and involuntary. [Petitioner] states he was not informed by the plea court that he had the right to have a trial on this sole count and plead guilty to the other counts in violation of Rule 24.02. We disagree.

Rule 24.02 commands the court, while addressing "the defendant personally in open court," to inform him of, and determine that he understands his constitutional rights. Dean v. State, 901 S.W.2d 323, 327 (Mo. App. W.D. 1995). Missouri courts have noted that one of the purposes of Rule 24.02 is that "the court be convinced that

the defendant understands the specific charges and the maximum penalty confronting him and that the defendant recognizes that by pleading guilty, he waives a number of legal rights." <u>Steinle v. State</u>, 861 S.W.2d 141, 143 (Mo. App. W.D. 1993); <u>State v. Taylor</u>, 929 S.W.2d 209, 216 (Mo. banc 1996). Although the requirements of the rule do not articulate a particular script that the court must follow in order to accept a guilty plea, the wisest course for the court in accepting a defendant's guilty plea may be to meticulously follow the specific items enumerated by Rule 24.02. <u>See Holland v. State</u>, 990 S.W.2d 24, 29 (Mo. App. E.D. 1999). In any event, the record must reflect that the defendant understood the consequences of his plea and knowingly waived his rights. <u>See Johnson v. State</u>, 962 S.W.2d 892, 894 (Mo. App. E.D. 1998).

The transcript from the guilty plea hearing reveals the plea court judge had extensive dialogue with [Petitioner] regarding the consequences of his pleading guilty, including the constitutional rights he would be waiving by doing so. Although, the judge referenced [Petitioner's] "Petition to Plead Guilty" form, which may not be used as the "sole mechanism" for compliance with Rule 24.02, the judge proceeded to personally address [Petitioner] in open court. <u>See Johnson</u>, 962 S.W.2d 894-96. [Petitioner] was questioned on his understanding of his right to plead not guilty, his right to be tried by a jury, his right not to testify, and his waiver of his right to a trial of any kind. The judge informed [Petitioner] of the charges against him and the maximum penalties for each charge.

[Petitioner] specifically alleges the plea judge failed to inform [Petitioner] that he had a right to proceed to trial on one count and plead guilty to the other counts. The relevant dialogue between the [Petitioner] and the trial court was as follows:

[Court]: Now, if you had chosen to have a jury trial, sir, do you understand that a jury of twelve people, after hearing the evidence, would have to agree unanimously on a verdict of guilty or not guilty on a <u>particular count</u>, before you could be found guilty or not guilty of that <u>particular count</u>?
[Petitioner]: Yes, sir.

(Emphasis added.) We find the record refutes [Petitioner's] allegations and reflects that the defendant understood the consequences of his plea and knowingly waived his rights. Point one is denied.

In point[] two...[Petitioner] argues the motion court erred in denying his Rule 24.035 post-conviction motion without granting an evidentiary hearing because his counsel was ineffective for failing to (i) inform [Petitioner] of his right to proceed with trial on the resisting arrest count and to investigate the facts surrounding such count;....

To show ineffective assistance of counsel, [Petitioner] must demonstrate that his counsel "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances," and he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 669 (1984). [Petitioner]

demonstrates "prejudice" when there is a "reasonable probability" that, but for counsel's deficient performance, the result of the trial would have been different. Id. at 694. After a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. Jones v. State, 966 S.W.2d 340, 342 (Mo. App. S.D. 1998). "By entering guilty pleas to the charges against him, the movant generally waives any future complaints that he might have had regarding his counsel's failure to investigate...." Estes v. State, 950 S.W.2d 539, 542 (Mo. App. E.D. 1997).

[Petitioner] argues his plea counsel was ineffective for failing to advise [Petitioner] to proceed to trial on the resisting arrest count and for failing to investigate the facts surrounding this count. This claim fails for two reasons. First, to succeed on his ineffective assistance of counsel claim based on inadequate investigation, the [Petitioner] is required to allege: (1) what information his attorney failed to discover; (2) that a reasonable investigation or preparation would have resulted in the discovery of such information; and (3) that the information would have aided or improved his position at trial. Yoakum v. State, 849 S.W.2d 685, 688 (Mo. App. W.D. 1993). [Petitioner] does not allege what information his plea counsel failed to discover and/or by what means this information could have been discovered through a reasonable investigation.

Second, the record reveals [Petitioner] and the State had entered into a guilty plea agreement. While the [Petitioner] rejected the State's offer of fifteen years' imprisonment, the [Petitioner] accepted the State's offer to dismiss certain charges in exchange for his guilty plea to all other charges, including the resisting arrest charge. The [Petitioner] would then proceed with an open plea, allowing the plea court to determine his sentence, with a recommendation by the State of fifteen years. Thus, [Petitioner] was aware that had he not pleaded guilty to all counts, there was no deal with the State to dismiss other counts. See Barringer, 35 S.W.3d 493, 497 (Mo. App. S.D. 2000) ("Absent factual allegations to the contrary, the benefits of the plea agreement refute [Petitioner's] allegations that there was a 'reasonable probability' that he would have proceeded to trial."). [Petitioner's] allegations that his plea counsel was ineffective are refuted by the record and he was not prejudiced by plea counsel's actions on his behalf. [Petitioner's] second point is denied.

(Resp. Exh. G, PP. 2-6).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in

pertinent part as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[2] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. In the context of a guilty plea, to demonstrate prejudice Petitioner must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59. Further, after entry of a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984).

With respect to Petitioner's claim his trial counsel was ineffective for failing to investigate the facts and circumstances of the resisting arrest charge, the Court finds Petitioner fails both prongs of the Strickland test. First, the Court finds Petitioner fails to demonstrate his attorney's performance

---

[2] The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

was constitutionally deficient; rather, in his Petition to Enter Plea of Guilty, Petitioner stated that he had been given enough time to discuss his case with his attorney, that his attorney had done everything Petitioner asked him to do, and that Petitioner had no complaints about his attorney's services. (Resp. Exh. B, P. 6). Petitioner reiterated his satisfaction with his attorney's performance during his guilty plea proceeding. (Resp. Exh. C, PP. 10, 11). The Court further finds Petitioner cannot demonstrate the requisite prejudice, as he fails to delineate the facts his attorney allegedly would have uncovered through reasonable investigation. Petitioner thus cannot show how those facts would have aided in his defense, and so his claim of ineffective assistance of counsel must fail.

With respect to Petitioner's claim his attorney was ineffective for failing to inform Petitioner of his right to proceed to trial on the resisting arrest charge, while pleading guilty to the remaining charges, the Court again finds Petitioner fails to demonstrate the requisite prejudice. Specifically, the Court notes that during his guilty plea proceeding, Petitioner testified that he committed the acts underlying the charge of resisting arrest, and that he was pleading guilty to that charge because he was guilty. (Resp. Exh. C, PP. 21-22, 23).[3] In the instant petition, Petitioner offers no evidence tending to demonstrate that he was not guilty of the resisting arrest charge, or that absent his counsel's alleged deficient performance, he would have proceeded to trial on the charge. This Court thus finds that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157.[4]

**B.    Ground 2**

---

[3] The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

[4] In light of the Court's ruling that Petitioner suffered no prejudice, it need not consider whether trial counsel's performance was deficient.

In Ground 2 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that trial counsel failed to obtain a mental examination, and to use the results of that examination either prior to trial, or as mitigating evidence during Petitioner's sentencing hearing. (§ 2254 Petition, P. 7). Petitioner raised this claim in his Rule 24.035 motion for post-conviction relief, and the motion court denied the claim as follows:

> [Petitioner's] second and final claim is the allegation that plea counsel was ineffective for failing to obtain a pre-sentence mental evaluation, pursuant to §557.031 and §552.015.2(7) RSMo.
>
> The record of this case shows that the issue of [Petitioner's] mental health was addressed prior to his entering a plea of guilty. Furthermore, there were a number of instances where the Court made a detailed inquiry into the [Petitioner's] mental condition. The first time was in the previously-referenced petition to enter a plea of guilty. This document specifically asked a series of questions about the [Petitioner's] state of mind at the guilty plea. [FN8]
>
> [FN8] Petition to enter plea of guilty, Paragraph 20, stated: I am not now sleepy or drowsy. My mind is clear. I am wide awake and alert. My medication or drugs which I may have taken does not presently affect my mental awareness or ability to understand what I am saying, doing or being told. Paragraph 21 stated: I have never been examined or treated by any doctor, psychiatrist, psychologist, or any other person for a mental or emotional condition except (IF NOT WRITE "NONE"). The document reflects a hand written response by the [Petitioner] indicating the [Petitioner] suffered from "anxiety" and "depression". Paragraph 22 stated: I am not suffering from any mental disease or defect. Paragraph 23 stated: I am mentally prepared to proceed with my proposed plea of guilty. Finally, Paragraph 24 stated: "At the time of the crime(s) with which I am charged, I knew the difference between right and wrong, was capable of conforming my conduct to the requirements of the law and was not suffering from any disease or defect which would exclude my responsibility for the crime(s) with which I am charged or the crime(s) to which I am pleading guilty. I also understand that by pleading guilty I am waiving, that is, giving up any defense I may have of a mental disease or defect excluding my responsibility for my conduct in committing the crime(s).
>
> The issue of [Petitioner's] mental condition was also further addressed by the Court at the plea hearing, and is reflected in the record of this case, as follows:
>
> Q. (By the Court) Now, Mr. Reed, as you sit here today, are you under the influence of any alcohol or drugs other than the Prozac for migraine headaches you mentioned in the petition?

A. ([Petitioner])  No, sir.

Q.  Is there anything about the medication that you're taking that causes you to not be, not be able to understand what you're doing today?

A.  No, Sir.

Q.  Anything about that that is causing you to have a problem with understanding my questions?

A.  No, Sir.

(Plea transcript p. 13.)

The [Petitioner] alleges that he suffered a mental condition that would have qualified as to §552.020 or §552.030 RSMo.  However, [Petitioner] fails to plead how anything about his mental condition affected his plea, or what counsel should or could have presented to the Court that had not already been presented.  Moreover, [Petitioner] fails to plead what person would have examined him, whether that unknown person was available to testify, or what the unknown person would have said, if called.  The record clearly reflects that [Petitioner's] mental condition was known both to his plea counsel and the Court both at the time he entered his pleas of guilty, and at his sentencing.  Furthermore, [Petitioner] fails to plead how these conditions affected his plea or whether they made his plea involuntary.

[Petitioner's] claim is speculative and full of conjecture and is not supported by the record of this case.  As a result, [Petitioner] has failed to state a claim as to how he was prejudiced by the actions of his plea counsel.  Missouri is a fact-pleading state and any attempt by [Petitioner] to refine the claims in preparation for an evidentiary hearing does not remedy the pleading defect.  [Petitioner] is not entitled to an evidentiary hearing, unless he cites facts as opposed to conclusions, which, if true, would entitle him to relief.  [Petitioner] must also allege facts that are not [] refuted by the record, and the matters complained of must be prejudicial.  [Petitioner's] claim fails to do so.

[Petitioner's] claim is therefore denied without an evidentiary hearing.

(Resp. Exh. A, PP. 52-54 (footnote 9 omitted)).  Petitioner advanced the claim on appeal of the

denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

In [Petitioner's] final point, he alleges that his plea counsel was ineffective for failing to investigate his mental health, request a mental exam, advise [Petitioner] on a defense of mental disease or defect, and to use this mental exam as mitigating evidence in his sentencing hearing.  To show that counsel was ineffective in failing to investigate an alleged mental disease or defect defense, a [petitioner] must allege facts

indicating a questionable mental condition. State v. Roll, 942 S.W.2d 370, 376 (Mo. banc 1997). In the absence of some suggestion of mental instability, there is no duty on counsel to initiate an investigation of the mental condition of an accused. O'Neal v. State, 724 S.W.2d 302, 306 (Mo. App. S.D. 1987). The need for an investigation is not indicated where the accused has the present ability to consult rationally with counsel and to understand the proceedings. State v. Richardson, 923 S.W.2d 301, 328 (Mo. banc 1996). The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial. Baird v. State, 906 S.W.2d 746, 749 (Mo. App. W.D. 1995). In fact, an accused may be mentally retarded in some degree and still be competent to stand trial or enter a knowing, intelligent plea of guilty. Pulliam v. State, 480 S.W.2d 896, 904 (Mo. banc 1972). Rather, the test must be "whether [a movant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960).

This Court has reviewed the transcripts of the plea and sentencing hearings. It appears that [Petitioner], although on medication for anxiety and depression, was alert and lucid at all times during the proceedings. [Petitioner's] answers to questions were responsive, logical, and dispelled any notion that he lacked comprehension of the proceedings. As such, it cannot be said that plea counsel was ineffective in failing to investigate [Petitioner's] mental fitness to plead guilty. The record refutes [Petitioner's] allegation and reflects that [Petitioner] entered a knowing and voluntary guilty plea. [Petitioner's] third point is denied.

(Resp. Exh. G, PP. 6-7).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C.

§2254 states in pertinent part as follows:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri courts is entitled to deference. As stated above, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. In the context of a guilty plea, to demonstrate prejudice Petitioner must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59. Further, after entry of a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984).

With respect to Petitioner's claim his attorney was ineffective for failing to obtain a mental examination, and to use the results of that examination either prior to trial, or as mitigating evidence during Petitioner's sentencing hearing, the Court finds Petitioner fails to show his attorney's performance was constitutionally deficient. Specifically, the Court notes that in his Petition to Enter Plea of Guilty, Petitioner stated that he was not suffering from a mental disease or defect, that he was mentally prepared to proceed with his plea of guilty, and that at the time of the crimes with which he was charged, he knew the difference between right and wrong, was capable of conforming his conduct to the requirements of the law, and was not suffering from any mental disease or defect

which would have excluded his responsibility for the crimes at issue. (Resp. Exh. B, PP. 5-6). In light of these assertions, the Court finds Petitioner's attorney's decision not to request a mental examination fell within the wide range of professionally competent assistance sanctioned by Strickland. Ground 2 is denied.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 3) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 5th day of September, 2007.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] In light of the Court's ruling that Petitioner's trial counsel's performance was not deficient, it need not consider whether Petitioner suffered prejudice.